UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:01-CR-22-03-SEB-MGN |
| | ) | |
| TERRY LEE MOZEE | ) | |
| | ) | |
| Defendant. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on December 9, 2010, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on December 8, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g). An initial hearing was held on January 10, 2011, and a revocation hearing was held on February 14, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. Mr. Mozee appeared at the initial hearing and the revocation hearing in person and with CJA Counsel, Frank Campisano. The Government appeared by A. Brant Cook, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On January 10, 2011, Frank Campisano, CJA Counsel, was present to represent Mr. Mozee in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Mozee and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Mozee and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Mozee was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Mozee was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Mozee was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Mozee was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Mozee had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing.

7. Mr. Mozee, by counsel, waived his right to a preliminary hearing, and a written waiver waiving the preliminary hearing was executed in open court. The defendant was released pursuant to his terms and conditions of supervised release, and the Court scheduled the revocation hearing for February 2, 2011.

8. On February 1, 2011, the Government filed a Motion to Continue the revocation hearing due to an ice storm, and said motion was granted on February 3, 2011. The revocation hearing was then reset for February 14, 2011, at 2:00 p.m.

9. On February 14, 2011, the defendant appeared in person and by CJA Counsel, Frank Campisano. The Court proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Numbers 1 thru 6 as contained in the Petition.

10. The Court then inquired of the defendant, who was sworn at the initial hearing and remained under oath, as to whether he admitted to the specifications alleged in the Petition for Violation of the Terms of Supervised Release, and Mr. Mozee admitted the violations contained in Violation Numbers 1 thru 6. The Court specifically inquired of Mr. Mozee whether he was making these admissions voluntarily and free from any duress, promises, or undue influence. The Court further advised Mr. Mozee that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Mozee answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 thru 6. The violations are summarized as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | *"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."* |
| 2 | *"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."* |
| 3 | *"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."* |

On July 16, 2010, the offender was instructed to begin submitting daily job

search verification forms. On July 23, 2010, the offender left this officer a voicemail indicating he was employed and would no longer report daily. He provided no information regarding his employment. This officer left messages for the offender on July 28 and 29, 2010, to call and provided employment details, but he did not return the phone calls.

On August 4, 2010, the offender called and advised he was no longer employed. He was instructed to resume submitting daily job search verification forms immediately; however, he failed to report or provide the job search verification forms on August 5 through 9.

On September 10, 2010, the offender left a vulgar message stating he wanted "[this officer] to violate his probation and send [him] back to prison."

It is also noted after submitting a monthly report form for the month of September 2010 that was 12 days late, the form was missing the first page. On September 17, 2010, a message was left for the offender to report to the office and supply the front page not later than September 20; however, the offender never reported.

On October 20, 2010, the offender admitted moving to a new residence weeks earlier without previously notifying this officer. On October 30, 2010, this officer was notified by his new roommate that he returned to his original residence on or about October 23, 2010. On November 2, 2010, the offender called and advised he moved on October 31, 2010.

| | |
|---|---|
| 4 | ***"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."*** |

On October 19, 2010, this officer contacted the offender's mother at his reported residence and discovered a 2005 Ford Mustang. According to the offender's mother, her husband cosigned for the offender so he could finance the vehicle. On October 20, 2010, the offender admitted securing a loan for this vehicle without permission from this officer.

| | |
|---|---|
| 5 | ***"The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision."*** |

On July 12, September 24, and October 28, 2010, the offender failed to report to substance abuse treatment sessions. On September 17, 2010, the offender failed to report to drug testing.

| | |
|---|---|
| 6 | ***"The defendant shall pay any fine that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release."*** |

The offender is delinquent on his fine payment, as he has made no payments since beginning his term of supervised release. Presently, he has a balance of $1,454.

10. Based on the information available to the Court, the Court further finds the following:

1) Mr. Mozee has a relevant criminal history category of II. *See,* U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Mozee constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A) upon revocation of supervised release, the range of imprisonment applicable to Mr. Mozee is 4-10 months.

The Court, having heard the admission of the defendant, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 thru 6 of the Petition. At this time, the Court finds and would suggest that the defendant should not be incarcerated or placed in a halfway house and that he continue to reside at his mother's residence. The Defendant is ordered to pay the sum of $50.00 each month towards his fine. The Magistrate Judge seeks to retain jurisdiction and would set this matter for a hearing on May 11, 2011, at 2:00 p.m. at which time the court will review the Defendant's compliance during the past ninety (90) days with his conditions of supervised release as well as the specific conditions as noted in this Report and Recommendation, and make a supplemental recommendation to the District Judge regarding the final disposition of this matter.

**IT IS SO RECOMMENDED** this 23rd day of February, 2011.

_____
Michael G. Naville, Magistrate Judge
U. S. District Court, Southern District of Indiana
New Albany Division

Distribution:

A. Brant Cook
United States Attorney's Office
brant.cook@usdoj.gov

Frank Campisano
frank@campisanolawoffice.com

U.S. Marshal

U.S. Probation Office