UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:01-CR-22-03-SEB-MGN |
| | ) | |
| TERRY LEE MOZEE, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on May 10, 2011, designating the Magistrate Judge to conduct a hearing on the Supplemental Petition for Warrant for Offender Under Supervision filed with the Court on May 10, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g). An initial hearing was held on May 11, 2011, and a revocation hearing was held on May 13, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. Mr. Mozee appeared in person and with CJA Counsel, Frank Campisano. The Government appeared by A. Brant Cook, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On May 11, 2011, Frank Campisano, CJA Counsel, was present to represent Mr. Mozee in regard to the pending Supplemental Petition for Revocation of Supervised Release.

2. A copy of the Supplemental Petition for Revocation of Supervised Release was provided to Mr. Mozee and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Mozee and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Mozee was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Mozee was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Mozee was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Mozee was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Mozee had violated an alleged condition or conditions of his supervised release set forth in the Supplemental Petition, he would be held for a revocation hearing.

7. Mr. Mozee, by counsel, waived his right to a preliminary hearing, and a written waiver waiving the preliminary hearing was executed in open court. The Court then scheduled a detention hearing for May 13, 2011.

8. On May 13, 2011, the defendant appeared by CJA Counsel, Frank Campisano, and the parties notified the Court that they wished to proceed with the revocation hearing. The Court then proceeded to the revocation hearing upon the allegations of alleged violation of the

Terms of Supervised Release particularly as set out in Violation Numbers 1(a), 2(a), 3(a), and 5(a) as contained in the Supplemental Petition and took this matter under advisement.

9.  The Court, after considering the evidence presented, **NOW FINDS** that there is a basis in fact for revocation with regard to Violation Numbers 1(a), 2(a), 3(a), and 5(a).  The violations are summarized as follows:

**Violation Number  Nature of Noncompliance**

| | |
|---|---|
| **1(a)** | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| **2(a)** | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| **3(a)** | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |
| | On February 14, 2011, the offender appeared before U.S. Magistrate Judge Michael G. Naville for an initial hearing on violations of supervised release.  The offender admitted the violations and the Court ordered that he reside at his mother's residence, 3812 Fiske Avenue, New Albany, and pay $50.00 each month toward his fine. |
| | The offender also was instructed to report daily to the United States Probation Office.  He failed to report on February 15, March 1 to 11, and April 4, 2011.  This officer attempted to schedule other meetings with him using the telephone number he provided, but the number was to his mother's residence. |
| | Shortly after the hearing, this officer confirmed Mr. Mozee was residing at 2507 Schrader Avenue in New Albany and was driving a 2001 Dodge sedan, a vehicle not previously reported.  It is noted the offender submitted monthly report forms in March and April falsely indicating he resided at his mother's residence and drove a 2005 Ford Mustang. |

On May 5, 2011, a search was conducted at 2507 Schrader Avenue. The offender and his girlfriend, India Orndorff, were present. Officers seized two 12-inch hunting knives (one in each bedroom), which Orndorff admitted were for self defense; a letter from Christopher Dion Thompson, a federal inmate from the Western District of Kentucky; and three hypodermic needles. The offender admitted operating the previously unreported Dodge sedan and residing at 2507 Schrader Avenue for "a couple of months." This was later confirmed by his mother, who stated he has resided at 2507 Schrader Avenue since January 2011.

**5(a)** **"The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision."**

On March 11, 2011, the offender failed to report to a substance abuse treatment session.

10. Based on the information available to the Court, the Court further finds the following:

   1) Mr. Mozee has a relevant criminal history category of II. *See,* U.S.S.G. §7B1.4(a).

   2) The most serious grade of violation committed by Mr. Mozee constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

   3) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A)upon revocation of supervised release, the range of imprisonment applicable to Mr. Mozee is 4-10 months.

The Court, **NOW FINDS**, that the defendant, by a previous order dated February 23, 2011, has violated the conditions of his supervised release as set forth Violation Numbers 1 thru 6 of the Petition filed on December 8, 2010, and that the defendant has violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1(a), 2(a), 3(a) and 5(a) of the Supplemental Petition filed on May 10, 2011. The defendant's supervised release is therefore **REVOKED,** and Mr. Mozee is to reside for a period of twelve

(12) months at a residential reentry center and shall observe the rules of that facility. Upon successful completion of the twelve-month term, his term of supervised release shall be terminated. The Court recommends that the defendant be designated to Dismas House in Louisville, Kentucky.

The defendant is ordered released from custody immediately. Pending designation to the residential reentry center, the defendant shall reside at 3812 Fiske Avenue in New Albany, Indiana; shall resume day reporting to the U.S. Probation Office, as instructed by the U.S. Probation Officer; ensure a reliable telephonic means of communication is available to the U.S. Probation Officer at all times; and ensure all telephone messages from the U.S. Probation Officer are returned within 24 hours of receipt.

**IT IS SO RECOMMENDED** this  19th  day of May, 2011.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

A. Brant Cook
United States Attorney's Office
brant.cook@usdoj.gov

Frank Campisano
frank@campisanolawoffice.com

U.S. Marshal

U.S. Probation Office